UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS A. WILLIAMS,

        Petitioner,

v.                                              Case No.  8:07-cv-591-T-33TBM

SECRETARY, DEPARTMENT OF CORRECTIONS,

        Respondent.
_____

## <u>ORDER</u>

Before this Court is a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus filed by a Florida prisoner challenging his convictions for lewd or lascivious conduct arising out of the Twelfth Judicial Circuit, Sarasota County, Florida.  A review of the record demonstrates that, for the following reasons, the petition must be denied.

Background

On March 18, 2004, Petitioner Williams proceeded to jury trial, in case no. 2003-CF-1327, on an amended information charging him with two counts of lewd or lascivious conduct. On March 19, 2004, the jury found Williams guilty as charged. On June 22, 2004, Williams was  sentenced on each count to ten years incarceration, followed by five years probation. The sentences run concurrently.

Williams appealed, and on April 13, 2005, the state district court of appeal per curiam affirmed, without written decision, the convictions and sentences in case no. 2D04-2824. *Williams v. State*, 902 So. 2d 161(Fla. 2nd DCA 2005)[table]. Williams did

not seek rehearing; nor did he pursue certiorari review in the United States Supreme Court.

On March 1, 2006, Williams filed a pro se Rule 3.800(a) motion to correct illegal sentence in which he raised a claim of state sentencing error. On March 10, 2006, the state trial court denied the Rule 3.800(a) motion without a hearing. Williams appealed, and on July 12, 2006, the state district court of appeal per curiam affirmed, without written decision, in case no. 2D06-1508. *Williams v. State*, 934 So. 2d 466 (Fla. 2nd DCA 2006)[table]. The mandate issued August 2, 2006.

By then, Williams had filed a pro se state petition for writ of habeas corpus dated April 4, 2006, in which he alleged his appellate counsel was ineffective. On May 10, 2006, the state district court of appeal denied the petition, without written decision, in case no. 2D06-1580. *Williams v. State*, 931 So. 2d 916 (Fla. 2nd DCA 2006)[table]. Rehearing was denied June 13, 2006.

Then, on July 10, 2006, Williams filed a Rule 3.850 pro se motion for postconviction relief in which he raised six claims of ineffective assistance of trial counsel. The state trial court disposed of one ground in a nonfinal order. On November 17, 2006, following the state's response to the remaining grounds, the state trial court denied the Rule 3.850 motion without an evidentiary hearing.

Williams appealed, and on February 28, 2007, the state district court of appeal per curiam affirmed the summary denial, without written decision, in case no. 2D06-5635. *Williams v. State*, 950 So. 2d 1248 (Fla. 2nd DCA 2007)[table]. The mandate issued March 21, 2007.

Williams then filed the present 28 U.S.C. § 2254 petition dated March 29, 2007. The petition is timely.

## The Governing Legal Principles

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir.2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir.2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

### A. Standard of Review Under the AEDPA

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir.2005), *cert. denied*, 549 U.S. 819 (2006). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir.2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by

clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

<u>Exhaustion of State Court Remedies and Procedural Default</u>

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Campbell*, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Snowden v. Singletary*, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

Exhaustion of state court remedies generally requires a petitioner to pursue discretionary appellate review. "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003)(citing *O'Sullivan*, 526 U.S. at 845). This is required even if

the state Supreme Court rarely grants such petitions and usually answers only questions of broad significance. *O'Sullivan*, 526 U.S. at 845-46.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d at 1138. "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson v. Campbell*, 353 F.3d at 891(quoting *Judd v. Haley*, 250 F.3d at 1313).

As stated above, a procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson v. Campbell*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "'prejudice," Williams must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Williams must show that

there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Campbell*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, " '[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon,* 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

The *Schlup* Court stated that the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup* 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause)(footnote omitted).

"[t]he Supreme Court fairly recently made clear that an ineffective assistance of counsel claim being used for cause to excuse a procedural default of another claim is not itself excepted from the doctrine of procedural default." *Henderson v. Campbell*, 353 F.3d at 896. In *Edwards v. Carpenter*, 529 U.S. 446, 451- 52 (2000), a habeas petitioner argued ineffective assistance of counsel as cause for his procedural default of other constitutional claims in his § 2254 petition. But, he had never raised this ineffective assistance claim in state court, and he was now procedurally barred from raising the claim. The Supreme Court held that unless the petitioner could establish cause and prejudice to excuse his procedural default of his ineffective assistance claim, he was barred from using it as a basis for cause to excuse his procedural default of the underlying claim. *Id.* at 451-53.

<u>No Presumption that the State Court Ignored Its Procedural Rules</u>

Finally, this Court cannot presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief, which is essentially a summary dismissal. Such a ruling does not suggest that the state court

resolved the issue on the federal claim presented. *See Coleman,* 501 U.S. 722, 735-36 (1991); *Kight v. Singletary*, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); *Tower v. Phillips*, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

B. Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. Strickland encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir.1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.1994).

## DISCUSSION

### Ground One

Williams contends that his conviction is invalid and fundamentally defective in violation of due process and the "fair trial clause" of the United States Constitution because the conviction resulted from "nonexistent and uncharged conduct of 'handling or fondling' rather than charged statutorily defined conduct of 'intentional touching.' "

Williams did not preserve this claim for direct review and he did not raise the claim on direct appeal. When he raised this claim in his Rule 3.850 motion, the state trial court applied Florida law in concluding that his claim did not rise to the level of fundamental error, which, under state law, is defined as "'error [which] reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been

obtained without the assistance of the alleged error." *Battle v. State*, 911 So. 2d 85, 89

(Fla. 2005)(internal citations omitted).

The state trial court order denying this claim reads, in relevant part:

This matter is before the court on the Defendant's pro se Motion for Post Conviction Relief (the "Motion") filed pursuant to Fla. R. Crim. P. 3.850 on July 14, 2006 and Defendant's Motion for Leave to File Reply to State's Response to Rule 3.850 Motion filed on October 16, 2006. The court has carefully considered the motion, reviewed the court file, otherwise duly advised in the premises.

By order dated July 19, 2006, this court denied in part and directed the Office of the State Attorney to file a written response to five of the Defendant's grounds of collateral relief. The State's response was received in this office on November 15, 2006.

The Defendant's claims, the State's response to those claims and the court's findings with respect to those claims are as follows:

1. The Defendant's conviction is fundamentally erroneous.

The Defendant contends that his conviction is fundamentally erroneous because he was convicted of nonexistent and uncharged conduct because the information alleged a unlawful and intentional touching and the jury instruction read by the court defined the crime of handling and fondling in a lewd and lascivious manner. The Defendant contends that the jury was not required to consider or find beyond a reasonable doubt the essential mens rea elements of intentional touching.

The State Attorney responded that the Defendant's claim should be denied because the court gave the standard jury instruction, which is assumed to be correct and the instruction as read to the jury charged handling and fondling as intentional touching.

The Defendant's Motion is denied. The Defendant's claim that the court's instruction was fundamentally erroneous is clearly without merit in light of the fact that the instruction as read by the court was the standard jury instruction and it informed the jury that the Defendant could only be found guilty if he handled or fondled the victim in a lewd, lascivious or indecent manner, that is, with sensual intent. (See attached copy of Information, Standard Jury Instruction and Tr. 337-338). Because

the giving of the standard jury instruction is assumed correct and a reversal on that issue would only occur if there was a miscarriage of justice or the instruction was calculated to mislead or confuse the jury, the Defendant has not demonstrated fundamental error. See Adams v. State, 799 So. 2d 1084, 1088 (Fla. 5th DCA 2001); Giles v. State, 831 So. 2d 1263, 1265 (Fla. 4th DCA 2002) (citation omitted).

(Respondent's Exhibit 20).

Williams relies on state law for his conclusion that the crime for which he stands convicted is nonexistent. The Florida courts rejected his arguments based on an interpretation of state law. This Court does not have subject matter jurisdiction to address his state-law arguments, which are not cognizable on federal habeas corpus review. See 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A federal writ of habeas corpus is only available in cases of federal constitutional error. *Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993).

This limitation on federal habeas review applies with equal force when a petition, which actually involves state law issues, is couched in terms of a Fourteenth Amendment due process violation. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)*; Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976). Whether the allegations in an information support instruction on a charge under state law, and whether an instruction in a criminal prosecution in Florida implicates the state's fundamental error doctrine, are matters solely within the province of the Florida courts.

In Williams' case, the affirmance of the denial of Rule 3.850 relief resolved questions of state law, namely, whether the allegations in the charging document and the evidence adduced at trial supported the jury instruction as given for the crime for

which Williams stands convicted under Florida law. The United States Supreme Court repeatedly has held that, in federal habeas proceedings, the state courts are the ultimate expositors of state law. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). This Court will not challenge a state court's determination of state law. *See Stringer v. Black*, 503 U.S. 222, 235 (1992)("It would be a strange rule of federalism that ignores the view of the highest court of a State as to the meaning of its own law.").

It is true that imposition of a conviction for a nonexistent offense violates the Due Process Clause of the Fourteenth Amendment. *See Ex parte Royall*, 117 U.S. 241, 248, (1886)(conviction under an unconstitutional law is void). "Nowhere in this country can any man be condemned for a nonexistent crime." *Adams v. Murphy*, 653 F.2d 224, 225 (5th Cir. 1981)(holding since there was no Florida crime of attempted perjury, petitioner could not legally be convicted of such offense, notwithstanding that his counsel sought and was granted an instruction that attempted perjury was a lesser included offense of perjury).

Williams' case does not implicate any such due process concerns. Williams does not suggest that the crime for which he was convicted was decriminalized after his judgment became final. Nor does he suggest he was convicted of a crime which a later retroactively applicable state decision overturned prior precedent making the crime nonexistent.

Williams points to his charging document, which referred to an "intentional touching." Williams claimed in his Rule 3.850 motion that, based on the instructions

his jury received, the jury was not required to find beyond a reasonable doubt there was an intentional touching.

The state trial court decision, which was affirmed by the state district court of appeal, settles the issue that the standard instructions given his jury properly defined the offenses for which Williams was charged and convicted under Florida law. Moreover, there is no Supreme Court precedent precluding the state courts' interpretation of Florida law in Williams' case.

Ground one does not warrant habeas corpus relief.

### Grounds Two Through Six

In grounds two through six, Williams contends that his trial counsel rendered ineffective assistance.

### Grounds Two and Three

In ground two, Williams alleges that his trial counsel was ineffective for failing to object to, and failing to move to set aside, Williams' allegedly invalid and fundamentally defective conviction "obtained on uncharged and statutorily non-existent offense of 'handling or fondling.' " (Petition, p. 9). Williams claims his attorney should have moved for a new trial, or at least, moved for a judgment notwithstanding the verdict.

In ground three, Williams alleges that his trial counsel was ineffective for failing to object to the "fundamentally defective" jury instructions on "uncharged and statutorily non-existent conduct of 'handling or fondling.' " (Petition, p. 12).

The state trial court summarily denied relief on grounds two and three, stating:

2. <u>The Defendant was denied the effective assistance of counsel by counsel's failure to object and move to set aside an invalid and fundamentally defective conviction</u>.

In a corollary to his first claim, the Defendant contends that his attorney failed to object and move for a mistrial or judgment notwithstanding the verdict regarding his argument that the jury instruction was fundamentally erroneous as stated in ground one above.

The State Attorney responded that because the jury instruction was not erroneous, the court should deny the Defendant's related ineffective assistance of counsel claim.

The Defendant's Motion is denied for the reasons given in this order under ground one above.

3. <u>The Defendant was denied the effective assistance of counsel by counsel's failure to object to the fundamentally defective jury instruction on uncharged and statutorily nonexistent offense conduct</u>.

The Defendant claims, in a related claim to his first two grounds, that counsel was ineffective for failing to object to the jury instruction that defined the offense as handling and fondling. The Defendant contends that the jury was improperly allowed to find the Defendant guilty even if they accepted and believed the Defendant's testimony and evidence that he never touched the victim. The Defendant claims the jury could have found him guilty for conduct that was based on other nonphysical conduct as alleged by the victim.

The State Attorney responded that the court should deny the Defendant's claim because it is refuted by the record. The State Attorney argued that the transcript of the jury instruction in which the court defines handling and fondling necessarily includes an intentional touching. (See attached Tr. 337). Because of the court's definition of the charge, mere exposure as alleged by the Defendant could not have been considered by the jury as handling and fondling as required under the instructions. Further, as the information attached to ground one above reflects, the Defendant was not charged with lewd or lascivious conduct in the presence of a child.

(Respondent's Exhibit 20).

## State Law Analysis

In denying grounds two and three, the state trial court relied on its state law ruling on Williams' substantive claim in ground one. The state trial court's decision, which was an adjudication on the merits of grounds two and three, is entitled to deference due underlying state law determinations, as well as AEDPA deference to the state court's resolution of Williams' claim of ineffective assistance of counsel. Where, as here, a state court's adjudication of an ineffectiveness claim represents the resolution of an underlying state law issue, the Court owes a very high degree of deference to that determination. *See Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984), *modified*, 731 F.2d 1486, *cert. denied*, 469 U.S. 956 (1984). State courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters. *See Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997).

It is objectively reasonable to dispose of grounds two and three on *Strickland*'s prejudice prong, and it is unnecessary to address whether trial counsel's performance was deficient. *Strickland*, 466 U.S. at 697. ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one."). The state court decision resolves that as a matter of Florida law, there was no meritorious claim overlooked by Williams' trial counsel with regard to the charging document and/or the jury instructions based on the evidence adduced at trial, and no reasonable probability of a different outcome had counsel objected as Williams contends he should have objected at trial.

## Federal Constitutional Analysis

The result is the same when grounds two and three are analyzed in federal constitutional terms. In making the determination of whether any error or omission in a jury charge was so prejudicial as to amount to a violation of due process, *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983), the court will not judge portions of the jury charge, or even the entire charge, standing alone. The defendant's right to due process is not violated unless an erroneous instruction, when viewed in light of the entire trial, was so misleading as to make the trial unfair. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Jacobs v. Singletary*, 952 F.2d 1282, 1290 (11th Cir. 1992).

In Williams' case, it is objectively reasonable to conclude that the instructions given his jury were not so misleading as to violate his right to due process. Williams speculates the jury could have found him guilty based on evidence of any conduct other than intentional touching as alleged in his charging document. However, it is objectively reasonable to conclude the instructions given adequately guided the jury on the elements of the offenses, and did not relieve the state from having to prove Williams' guilt by proving every element of the charges. Even if counsel had made the arguments Williams contends counsel should have made, whether in constitutional or state law terms, there was no reasonable probability of a different outcome.

Because Williams cannot show prejudice on the part of his trial counsel, he is not entitled to habeas corpus relief on grounds two and three.

Ground Four

Williams contends trial counsel was ineffective for failing to object to the jury instructions based on the Court's instructing the jury using the word, "victim":

One, the <u>victim</u> was under the age of 16 years;

Two, the defendant did handle or fondle the <u>victim</u> in a lewd, lascivious, or indecent manner.

Neither the <u>victim's</u> lack of chastity or the <u>victim's</u> consent is a defense to the crime charged. "

(Petition, p. 15).

He claims that the Court's identifying the complainant as a victim was highly prejudicial in creating a presumption of guilt, and that the prejudice was "given even greater emphasis" when the Court used "S. Z." to identify the complainant in the instructions on the lesser included offenses. Williams claims the jury instructions indicated S. Z. was the victim "as to the charged offense, but not as to the lessers." (Petition, pp. 15, 16). He also claims that the Court's terminology negated his defense which was that he did not commit the crime.

In summarily denying this Rule 3.850 claim, the state trial court judge held:

The defendant contends counsel should have objected to the jury instruction that defined the complainant as the victim, arguing that it created a presumption of guilt and negated the defense.

The Defendant's motion is denied. The court read the standard jury instruction to the jury. (See attached Tr. 337-338). <u>See Chesnott v. State</u>, 840 So. 2d 423, 426 (Fla. 5th DCA 2003) (observing that trial court has wide discretion in instructing the jury and it is preferable to give the standard instructions if it adequately explains the law). The Defendant's citation of <u>Lister v. State</u>, 226 So. 2d 238, 239 (Fla. 4th DCA 1969) is distinguishable. Counsel cannot be considered ineffective for failing to object to a standard and correct jury instruction.

(Respondent's Exhibit 17, p. 4).

The state trial court found the instructions given were correct based on an interpretation of state law. Given such state law determination, Williams cannot show there

was any deficiency in counsel's foregoing a contrary position. Nor can Williams allege sufficient facts to show that there was any reasonable probability of a different outcome had counsel presented the proposed objection.

Ground four does not warrant habeas corpus relief.

Ground Five

Williams claims his counsel was ineffective for failing to object to various remarks of the prosecutor during opening statement and closing argument, and for failing to file a motion for a mistrial based on these remarks. The state trial court summarily denied ground five. The court found, in relevant part:

5. <u>The Defendant was denied the effective assistance of counsel by counsel's failure to object and request a mistrial on basis of improper closing and opening arguments the State Attorney</u>.

The Defendant argues that trial counsel failed to object to a number of improper closing and opening statements by the prosecutor which vouched for the credibility of the State's witnesses, personal pleas to find the Defendant guilty, improper "do justice" arguments, the State only charges guilty people, shifting of the burden of proof, stereotype arguments and arguing facts not in evidence.

The State Attorney argued that the record of the closing and opening arguments refuted every one of the Defendant's claims or the statements did not rise to the level of prejudice required to meet the level required for the granting of a new trial.

The Defendant's Motion is denied. First, the Defendant's claim regarding the statement by the prosecutor in opening statement is denied as this argument is the not the kind of argument condemned by the court in <u>Perez v. State</u>. 689 So. 2d 306 (Fla. 3d DCA 1997). Rather, the transcript reflects that counsel was merely trying to explain to the jury that they might not want to believe that children get molested and that they might not want to believe that the Defendant could have committed such a crime. This argument is not improper and is not the argument deemed improper in <u>Perez</u>. (See attached Tr. 136). Additionally, in closing argument, the prosecutor further explained her initial statement in opening by stating that the jury may not have wanted to believe that it could happen, that children like the victim could get

sexually molested. (See attached Tr. 309-310). Finally, the Defendant's claim regarding the comment does not warrant relief because he has failed to show that the comment was "sufficiently serious as to impair the basic fairness of the trial." Thornton v. State, 767 So. 2d 1286, 1288 (Fla. 5th DCA 2000).

With respect to the Defendant's claim regarding the request by the prosecutor to return a guilty verdict, the comment is proper because the prosecutor is allowed to ask the jury to return a guilty verdict. (See attached Tr. 310). The statement is about the reasonable conclusion that the jury should draw from the evidence that was presented.

The Defendant's claim regarding the prosecutor's statement about the Defendant going to jail is denied as the transcript reflects that the prosecutor was describing the thought process of the victim after the incident. (See attached Tr. 311-312).

The Defendant's claim regarding the comment by the prosecutor that asked the jury to "do the right thing" is not improper because the prosecutor referenced the jury instructions and the evidence that had been presented after she made the comment. (See attached Tr. 312). "Do the right thing comments, while improper, are not so erroneous as long as they are coupled with references to the evidence in the record." Rimmer v. State, 825 So. 2d 304 (Fla. 2002).

With respect to the prosecutor's argument that the jury should disregard the lesser included offenses, the statement is not improper because that is the correct law if the State has proven the main charge. (See attached Tr. 316). See Fla. R. Crim. P. 3.490. Cf. Williams v. State, 593 So. 2d 1189, 1190 (Fla. 3d DCA 1992) (observing that it is improper for a prosecutor to indulge in attacks upon the person of an accused or his valid defense).

With respect to the statement regarding the alleged improper vouching for the victim's credibility, the statement is permissible because the prosecutor may make reference to specific testimony of a witness and then argue to the jury a reasonable inference or conclusion that can be made from such testimony. (See attached Tr. 335). See Pacifico v. State, 642 So. 2d 1178, 1184 (Fla. 1st DCA 1994). The statement made by the prosecutor was an argument that the child had no motive to lie about the incident, especially in light of what she had to endure to present the testimony in court.

With respect to the Defendant's claim regarding the prosecutor's statement that it was time for the jury to do its job, the Defendant's claim is without merit as the prosecutor made the statement at the end of her closing and was referring to the next phase of the trial, jury deliberations. The

prosecutor did not impermissibly imply that the jury could only do its job by convicting the Defendant. (See attached Tr. 336).

With respect to the Defendant's claim regarding the prosecutor's comments that it was time for the jury to do its job and place the burden on the Defendant, the Defendant's claim is without merit and procedurally barred because defense counsel objected to the comment and the objection was overruled by the court. (See attached Tr. 336-337). The Defendant's claim should have been raised on direct appeal. See also Thornton v. State, 767 So. 2d 1286, 1288 (Fla. 5th DCA 2000) (observing that it is not improper to ask the jury to determine guilt and if the Defendant commits a crime, he must pay for it).

The Defendant's claim regarding the prosecutor's opening statement being an impermissible comment that the State only charges guilty people, is without merit as the remark is merely about the subject matter of the trial and not the impermissible comment argued by the Defendant. (See attached Tr. 123).

The Defendant's claim regarding the alleged burden shifting statements of the prosecutor are denied. The first statement regarding the prosecutor's reference to the credibility of the victim and the chances that the victim's accusation was false is without merit because the record reflects that the prosecutor was merely arguing that the jury should use its common sense in deciding the credibility of the victim's accusation. (See attached Tr. 319). With respect to the alleged burden shifting argument referencing the alleged failure to show that the victim fabricated the incident, again the prosecutor did not impermissibly argue or imply that the Defendant should be convicted because he failed to produce evidence. See Ealy v. State. 915 So. 2d 1288, 1291 (Fla. 2d DCA 2005). (See attached Tr. 320). With respect to the next comment regarding the victim's motive to make the accusation and the Defendant's not giving one, the comment was an argument that the evidence suggested that the victim had no motive to lie, which goes to the jury's ability to weigh the credibility of the victim. (See attached Tr. 321-322). The Defendant's further claims regarding improper burden shifting referencing  the age of the victim, and the absence of the victim's motive to falsely accuse the Defendant are merely permissible arguments regarding the victim's lack of motive and her credibility. (See attached Tr. 334-335).

With respect to the Defendant's claim that the prosecutor argued facts not in evidence, the comment referencing the incapability of the victim to make up the accusation is simply an argument that the jury should use their common sense in deciding whether it is likely a twelve-year old child was capable of describing certain things without having been exposed to the abuse. (See

attached Tr. 332-333, 335). The prosecutor was citing facts that were in evidence and arguing to the jury the reasonable inference that could be drawn from those facts.

Finally, the Defendant's claim regarding the Defendant having bought the victim a soda and sausage McMuffin in attempting to seduce the victim as arguing facts not in evidence is without merit as the victim had testified to those facts at trial. (See attached Tr. 335, 153). Clearly the argument by the prosecutor was based upon the evidence in the case and was permissible argument based upon the facts presented to the jury.

(Respondent Exhibit 20).

Williams' Rule 3.850 allegations did not suffice to overcome the strong presumption that trial counsel's performance relative to the prosecutor's remarks fell within the wide range of professional competent assistance. *See Strickland*, 466 U.S., at 690.

It is objectively reasonable to dispose of ground five under the *Strickland* prejudice prong. Pursuant to state law, counsel is permitted wide latitude in arguing to a jury. *E.g., Breedlove v. State*, 413 So. 2d 1 (Fla. 1982). To the extent the state trial court resolved Williams' underlying state law arguments, the state law determination is not subject to federal habeas review.

Moreover, it can be reasonably concluded that none of the comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974); *Cargill v. Turpin*, 120 F.3d 1366, 1379 (11th Cir.1997)(if reviewing court is confident that, absent improper prosecutorial remarks, jury's decision would have been no different, proceeding cannot be said to have been fundamentally unfair, and habeas relief is not warranted).

It is not enough that a prosecutor's comments were undesirable or even universally condemned. *See Cobb v. Wainwright*, 609 F. 2d 754 (5th Cir.), *cert. denied*, 447 U.S. 907

(1980). A petitioner must show the comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Darden v. Wainwright*, 477 U.S. 178, 181 (1986)(citing *Donnelly*, 416 U.S. at 643). In making this assessment, the reviewing court must consider the allegedly improper comments in the context of both the prosecutor's entire closing argument and the trial as a whole. *Branch v. Estelle*, 631 F. 2d 1229, 1233 (5th Cir. 1980). Among the considerations is the strength of the evidence. *Cobb v. Wainwright*, 609 F. 2d at 756.

In Williams' case, it can be reasonably determined from the state court record that the challenged prosecutor's remarks, in the context of his opening statement and closing argument, as well as in context of the trial as a whole, were permissible comments on the evidence, and did not constitute improper vouching or impermissibly shifting of the burden of proof. Further, in view of the ample evidence which established his guilt of the crimes for which Williams was found guilty by his jury, any claimed constitutional error in the prosecutor's remarks had no substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Accordingly, there was no resulting prejudice from counsel's declining to object to the prosecutor's remarks, either during opening statement or closing argument. *See e.g., Chandler v. Moore*, 240 F.3d 907, 914 (11th Cir. 2001)(concluding prosecutorial comments did not rise to fundamental error, and Chandler's counsel could not be deemed ineffective for failing to object to such).

Ground five does not warrant habeas corpus relief.

Ground Six

Williams raises a cumulative impact claim, combining his various claims of ineffective assistance of trial counsel. No Supreme Court authority recognizes ineffective assistance of counsel "cumulative error" as a separate violation of the Constitution, or as a separate ground for habeas relief. See *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir.)("The Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief."), *amended on other grounds*, 307 F.3d 459 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

The state trial court summarily denied Williams' cumulative ineffective assistance of counsel Rule 3.850 claim, stating:

> 6. <u>The Defendant was denied the effective assistance of counsel by counsel's cumulative failures</u>.
>
> In a catchall claim, the Defendant contends he was denied the effective assistance of counsel by counsel's cumulative failures and omissions. The State Attorney responded that the court should deny the instant claim because the Defendant has not demonstrated that counsel was ineffective or that he was denied a fair trial.
>
> The Defendant's Motion is denied as no individual claims have been shown to prevail. See <u>Freeman v. State</u>, 761 So. 2d 1055 (Fla. 2000).

(Respondent's Exhibit 20).

In *Spears v. Mullin*, 343 F.3d 1215, 1251 (10th Cir. 2003), the Court stated: "Because the sum of various zeroes remains zero, the claimed prejudicial effect of their trial attorneys' cumulative errors does not warrant habeas relief." Likewise, because Williams has not shown that any one of his ineffective assistance of counsel claims have merit, he cannot show that the cumulative effective of the claims had any impact of the outcome of his case.

Ground six does not warrant habeas corpus relief.

Ground Seven

Williams alleges that his appellate counsel was ineffective.  Specially, Williams claims:

> Appellate counsel failed to raised on appeal issue of fundamentally erroneous jury instruction and conviction of offense not charged and which does not exist under statute where jury was instructed on "handling and folding" rather than charged and statutorily defined form of conduct of "intentional touching."

(Petition, p. 25).

Williams could not raise his underlying <u>substantive</u> claim of jury instruction error in a state habeas corpus petition under Florida's procedural rules because "habeas corpus is not to be used 'for obtaining additional appeals of issues which were raised, or should have been raised, on direct appeal or which were waived at trial or which could have ... or have been, raised in' prior postconviction filings." *Mills v. Dugger*, 574 So.2d 63, 65 (Fla.1990);  *see also, Roberts v. State*, 568 So. 2d 1255, 1260-61 (Fla. 1990)(procedurally barred claims not properly recast as ineffective assistance of appellate counsel claims).

To prevail on this claim, Williams must show that show that his appellate counsel was objectively unreasonable in not raising the claim. *Smith v. Robbins*, 528 U.S. 259  (2000). In *Jones v. Barnes*, 463 U.S.745 (1983), the Supreme Court held that the Sixth  Amendment does not require appellate counsel to raise every non-frivolous issue. To the contrary, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.* at 751-52. The exercise of judgment involved in framing an appeal makes it "difficult to demonstrate that [appellate] counsel was incompetent" under *Strickland* for omitting a particular argument. *Smith*, 528 U.S. at 285-86 (citing *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986)("Generally, only when ignored issues are clearly stronger

-25-

than those presented, will the presumption of effective assistance of counsel be overcome"). Eleventh Circuit precedent is in accord. There is no duty to raise issues on appeal which have little or no chances of success. Thus, appellate counsel is not required to raise meritless issues, *Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 19990),  or issues which were not preserved and are procedurally barred on appeal. *Bertolotti v. Dugger*, 883 F.2d 1503, 1523 (11th Cir. 1989), *cert. denied*, 297 U.S. 1032 (1990); *Jackson v. Dugger*, 931 F.2d 712, 715 (11th Cir. 1991).

In assessing appellate counsel's performance, the Court must judge the conduct at issue on the basis of the facts of the particular case, viewed as of the time counsel was preparing the appeal. *Strickland*, 466 U.S. at 690. In order to demonstrate prejudice with respect to a claim of ineffective assistance of appellate counsel, the petitioner must demonstrate it was reasonably probable that, but for counsel's alleged error, he would have prevailed on appeal. *Smith*, 528 U.S. at 286.

When evaluating claims of ineffective assistance of appellate counsel, the Florida courts apply the appropriate standard parallel to that enunciated in *Strickland*. The petitioner must show (1) specific errors or omissions which show that appellate counsel's performance deviated from the norm or fell outside the range of professionally acceptable performance and (2) the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result. *Smith v. State*, 931 So. 2d 790, 805 (Fla. 2006)(citing *Wilson v. Wainwright*, 474 So. 2d 1162, 1163 (Fla. 1985).

Ordinarily, appellate counsel cannot be considered ineffective for failing to raise an issue that is procedurally barred because the issue was not properly raised during the trial court proceedings. *See Rutherford v. Moore*, 774 So. 2d 637, 643 (Fla. 2000). Williams is unable to show deficiency in his appellate counsel's advocacy. His state habeas petition did not allege facts to show that his appellate counsel overlooked a preserved, meritorious argument regarding the jury instructions in relation to the charged offense.

The *Strickland* deficiency prong need not be addressed because Williams' claim can be denied on *Strickland*'s prejudice prong. Given the state court did not grant his state habeas petition based on Williams' state law arguments, Williams is unable to show his counsel overlooked a viable claim under the state's fundamental error doctrine. Moreover, whether his underlying issue was framed as one of state law or constitutional dimension, Williams does not show it was reasonably probable that, but for the claimed omission of counsel, he would have prevailed in his direct appeal. It is objectively reasonable to conclude the silent habeas denial by the state district court of appeal resulted in a reasonable application of *Strickland* under either prong.

With respect to each of Williams' claims of ineffective assistance of appellate counsel, Williams has not demonstrated that the state court's decision resulted in an unreasonable application of *Strickland* under both prongs or an unreasonable determination of the facts in light of the evidence. Nor does he overcome the presumption of correctness of the state court's factual findings, 28 U. S. C. 2254(e), in analyzing and rejecting his claims under the *Strickland* framework.

Ground seven does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Petitioner Williams' petition is denied. The Clerk is directed to enter judgment against Williams and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 2, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Douglas A. Williams