UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS A. WILLIAMS,

       Petitioner,

v.                                 Case No.  8:07-cv-591-T-33TBM

SECRETARY, DEPARTMENT OF CORRECTIONS,

       Respondent.

_____

**ORDER**

This cause is before the Court on Petitioner's motion to reopen time to file appeal and/or other equitable relief to permit belated appeal. (Doc. No. 21).

Background

Petitioner, who was incarcerated at Florida State Prison at the time, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus.  The Court ordered Respondent to respond to the petition on or before May 29, 2009.  In that order to respond, the Court stated: "Petitioner shall advise the Court of his current mailing address at all times, especially if Petitioner is released from custody.  Failure to do so may result in the dismissal of this action." (*See* Doc. No. 3).

Respondent filed the Court-ordered response and Petitioner filed his reply to the response. (Doc. Nos. 11, 14).  Subsequently, on April 2, 2009, the Court entered an order denying Petitioner Williams' petition. In the order denying the petition, the Court stated that Williams was not entitled to a Certificate of Appealability. (*See* Doc. No. 19).

Petitioner then had 30 days, or until May 2, 2009, in which to file a Notice of Appeal. Petitioner did not file a motion to alter or amend the judgment, or any other motion that would extend the time for filing the Notice of Appeal. Petitioner did not file a Notice of Appeal.

## Discussion

On June 15, 2009, Petitioner signed the present motion for a belated appeal. (*See* Doc. No. 21, p. 6). In his motion for belated appeal, Petitioner states that he was temporarily transferred from Florida State Prison to Lake Butler Reception and Medical Center (Lake Butler) for medical reasons in mid-February 2009 and that he did not return to Florida State Prison until June 5, 2009. Petitioner did not inform the Court of his change of address when he was transferred to Lake Butler.

Petitioner states that he did not receive a copy of the order denying his petition and a copy of the judgment until April 23, 2009, because the mail had to be forwarded to him from Florida State Prison. Petitioner did not file a Notice of Appeal when he received the documents. Instead, Petitioner requested to meet with an inmate law clerk. His request was granted, and Petitioner Williams met with an inmate law clerk on April 27, 2009. According to Petitioner, the inmate law clerk advised him incorrectly about filing a Notice of Appeal. After Petitioner returned to Florida State Prison, Petitioner Williams filed the present motion for belated appeal relying on Federal Rule of Appellate Procedure 4(a)(6).

Rule 4(a) (6) of the Federal Rules of Appellate Procedure clarifies when parties may reopen the time to file an appeal. Rule 4(a)(6) permits the Court to "reopen the

time to file an appeal for a period of 14 days "but only if three conditions are satisfied. The second of these conditions, Fed. R. App. P. 4(a)(6)(B), requires the motion to be filed either "within180 days after the judgment or order is entered **or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d)[1] of the entry, whichever is earlier**." Plaintiff filed the present motion on June 15, 2009, more than 7 days after he received a copy of the order and judgment on April 23, 2009. Therefore, Petitioner Williams does not meet the requirement of Fed. R. App. P. 4(a)(6)(B) and is not entitled to file a belated appeal.

Petitioner cannot rely on the unique circumstances doctrine to excuse his failure to file a timely Notice of Appeal. "The timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction." *United States v. Grant*, 256 F.3d 1146, 1150 (11th Cir. 2001). *See also Bowles v. Russell*, --- U.S. ----, ----, 127 S.Ct. 2360, 2362, 168 L.Ed.2d 96 (2007) (holding that the taking of an appeal within the prescribed time is "mandatory and jurisdictional").

In *Bowles*, the Supreme Court overruled the unique circumstances doctrine, which had allowed a district court, upon a finding of excusable neglect, to extend the period for filing an appeal. "Because this Court [the district court] has no authority to create equitable exceptions to the jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate." 127 S.Ct. at 2366.

Accordingly, the Court orders:

---

[1] The seven day window is triggered by notice as controlled by Federal Rule of Civil Procedure 77(d), which defines notice as either through service by the clerk of the court pursuant to Fed.R.Civ.P. 5(b) or by the opposing party.

That Petitioner's motion to reopen time to file appeal and/or other equitable relief to permit belated appeal (Doc. No. 21) is denied.

ORDERED at Tampa, Florida, on June 25, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Douglas A. Williams